OPINION
On July 15, 1999, Appellant was indicted on One Count of Aggravated Murder and One Count of Aggravated Robbery. Each count included a firearm specification.
Said charges arose out of the March 12, 1999 robbery of Papa Johnny's Drive Thru in Mansfield, Ohio, and murder of Clarence Jacocks, the store clerk.
On July 29, 1999, the jury trial in this matter commenced with Appellant and a co-defendant, Renardo Minor, being tried together.
The undisputed evidence at trial revealed the following:
 In March of 1999, Appellant along with co-defendant Minor and Lawrence Holder, who were all from the Atlanta area, traveled in a rental vehicle to Mansfield, Ohio. Appellant, Minor, and Holder were seen "always as a group" while they were in Mansfield. (T. at 1075, 1085). Sometime after midnight on March 11, 1999, Appellant, Minor, and Holder patronized Satch's Bar, where Minor met his cousin, Corey Mack. While at the bar, Minor spoke to Vinnie Barber regarding a gun appellant had loaned to Barber six months prior. Appellant and his traveling companions proceeded to Corey Mack's apartment after leaving Satch's Bar. At 11:00 a.m. on March 12, 1999, Appellant, Minor, and Holder proceeded to Vinnie's Music, Vincent Barber's business. Minor asked Barber for several compact discs, and informed Barber he would give him the money for the merchandise later. Appellant, Minor, and Holder visited the store at approximately 11:00 a.m., but Barber was not available. Minor returned to the music store at approximately 7:15 p.m. and obtained a firearm from Barber. Minor told Barber he needed the firearm for protection from some men with whom he had previously fought. Minor subsequently gave the gun to one of his traveling companions. The results of a ballistic comparison established that firearm was the murder weapon. A surveillance video from Papa Johnny's Drive Thru taken the evening of March 12, 1999, captured Appellant and Holder in the midst of the robbery and murder. Within two and a half hours of the crime, Minor was in possession of the firearm and the rental vehicle, and in the company of Appellant and Holder. The firearm was discovered near Main Street, close to Papa Johnny's Drive Thru. A stolen check was found on State Route 13, near Interstate 71. The testimony established Main Street to Route 13 to Interstate 71 was the closest, fastest, and most direct route from the crime scene to Georgia. Minor returned the rental car on March 15, 1999.
On August 5, 1999, after hearing the evidence and deliberations, the jury returned a verdict of guilty on both counts and firearm specifications as to the Appellant and the co-defendant.
Via judgment entry filed August 10, 1999, the trial court sentenced Appellant to twenty (20) years to life on the charge of aggravated murder and ten (10) years for the aggravated robbery plus three (3) years for the firearm specification, with the sentences to be served consecutively, for an aggregate term of imprisonment of thirty-three years.
Appellant filed an appeal with this Court assigning as error (I) ineffective assistance of trial counsel for failure to conduct a reasonable pretrial investigation and (II) that the verdict was against the manifest weight of the evidence.
On June 7, 2000, this Court overruled appellant's assignments of error and affirmed the judgment of the trial court.
The Supreme Court of Ohio denied leave to appeal on October 4, 2000.
On September 19, 2000, this Court granted leave to Appellant to re-open his appeal, with said Appellant assigning the following errors:
 ASSIGNMENTS OF ERROR I. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO JURY INSTRUCTION THAT PERMITTED THE ELEMENT OF CULPABILITY TO BE FOUND IN EITHER MR. MINOR OR MR. LEAKS (TR. PPS. 1260 THROUGH 1269) IN VIOLATION OF APPELLANT'S RIGHTS UNDER SECTIONS 10 AND 16 OF ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
 II. THE TRIAL COURT FAILED TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSING CONSECUTIVE SENTENCES IN ITS SENTENCING ENTRY.
Because this matter is before this Court pursuant to App.R. 26(B), we shall only address appellant's assignments of error relative to the above.
 I.
Herein, appellant maintains trial counsel was ineffective for failing to object to the jury instructions relative to the element of culpability. Specifically, appellant asserts that the instructions given were not sufficiently clear to allow the jury to properly determine whether or not the State had proven the requisite element of `mens rea' in Appellant's case. We disagree.
The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. Statev. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
In his brief, appellant cites the following portions of the trial court's instruction as illustrative of his contention the instruction allowed the jury to impute the element of mens rea from one co-defendant to the other:
 To find either of them guilty of the crime, you must find beyond a reasonable doubt that, on or about March 12, 1999, in Richland County, Ohio, Mr. Leaks or Mr. Minor knowingly aided or abetted
* * *
 Before you can find the defendants guilty of aiding and abetting aggravated murder, you must find, as I said, beyond a reasonable doubt that the defendants specifically intended to cause the death of Mr. Jacocks.
* * *
 If you find that the Prosecutor proved beyond a reasonable doubt all of the essential elements of the lesser charge of aiding and abetting involuntary manslaughter as to either defendant, you must find Mr. Leaks or Mr. Minor guilty of that crime.
(Tr. Vol. VI at 1263, 1265) (Emphasis added).
Upon review of the entire jury instruction in the instant action, we note the trial court's instruction included the following:
 It is important and each person should decide independently. You must decide separately the question of guilt or innocence of each of the two defendants. If you cannot agree upon a verdict as to both defendant (sic), but do agree as to one, you must render a verdict as to the one upon whose guilt or innocence you do agree. You must separately consider the evidence applicable to each defendant as though he were being tried separately and you must state you finding as to each defendant uninfluenced by your verdict as to the other defendant.
* * *
 If the evidence warrants it, you may find Mr. Leaks or Mr. Minor, or both, guilty of a crime lesser than that charged in the indictment.
* * *
 Remember, once again, you must decide separately the question of guilt or innocence of each of the two defendants and, of course, their guilt or innocence as to each of the two crimes charged.
Tr. Vol. VI at 1263-1264, 1266, 1269. (Emphasis added).
We have previously reviewed and ruled upon this same assignment of error in the case of the co-defendant in this matter, State v. Minor, 2001 WL 289863 (Ohio App. 5 Dist.).
In Minor, supra, we found this charge does not create the possibility of confusion or misinterpretation when taken as a whole. The trial court made repeated distinctions as to the culpability of each of the defendants.
Unlike Clark v. Jago (6 Cir.1982), 676 F.2d 1099, which was relied on by Appellant, the instructions herein do not permit the jury to impute Leaks' mental state to appellant or vise versa.
Further, upon review of the entire charge, we find the trial court clearly instructed the jury of its responsibility to determine whether the State proved beyond a reasonable doubt each and every element of the offenses with respect to appellant before appellant could be found guilty, and with respect to Leaks before Leaks could be found guilty.
Having found no error in the trial court's instructions, we find trial counsel was not ineffective for failing to object or request clarification of said instructions.
Appellant's first assignment of error is overruled.
 II.
Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, appellant claims the trial court failed to comply with the requirements of R.C. 2929.14. We disagree.
The standard of review is whether we can clearly and convincingly find that the imposition of consecutive sentences was contrary to law. R.C. § 2953.08. Revised Code § 2929.14 contains certain requirements that must be met before consecutive sentences may be imposed. In order to impose consecutive sentences when an offender is convicted of multiple offenses, a court must find consecutive service is necessary to protect the public from future crime or to punish the offender, the seriousness of the offenses requires consecutive service, or the danger posed to the public by the offender is great unless consecutive service is required. R.C. 2929.14(E)(3). In addition, the statute provides that the trial court must find one or more of the following:
 a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
During the sentencing hearing, the trial court found consecutive sentences were appropriate :
 "In this case we have an aggravated robbery which involved the killing of a human being, the worst form. In this case there is nothing about the description of the crime which would cause me to think it's anything other than the worst form of the crime. There was an effort all day long to get this gun with which to commit the crime, and yet, there was no remorse when the Defendant was shot immediately and the cash register was robbed, and you folks went on about your business. In this case I have to give you ten years for this offense."
(August 9, 1999, T. at 9).
In its judgment entry on sentencing filed August 10, 1999, the trial court found:
 The sentences are ordered to be SERVED CONSECUTIVELY as necessary to fulfill the purposes of R.C. 2929.111 because the court finds
({)the harm caused was great or unusual.
 This Court is IMPOSING THE MAXIMUM PRISON TERM because the court finds pursuant to R.C. 2929.14(C) that the defendant (select at least one):
({) has committed the worst form of this offense.
While the trial court did not set forth the "magic words" of the statute during the sentencing hearing, we find the trial court's findings, when taken together, constitute substantial compliance with the requirements of R.C. 2929.14(E)(3).
Appellant's second assignment of error is denied.
The decision of the trial court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to Appellant.
Boggins, J., Gwin, J., concurs, Edwards, P.J., dissents.